UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ANTOINE RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:11-CV-56 |
| v. | ) | *Collier / Lee* |
| | ) | |
| CONGRESS OF 2001-2001, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is the motion of Antoine Ray ("Ray") to proceed *in forma pauperis* [Doc. 1]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Ray has submitted a complaint which appears to challenge the Patriot Act on various grounds: "invasion of privacy, . . . freed[om] of speech, religion, fair trial, search and se[izure], torture, mass murder, child endangerment, [and] sexual harassment" [Doc. 1 at 1; Doc. 2 at 1]. In his demand for judgment, Ray seeks only "relief of mind control" [Doc. 2 at 3]. Ray's motion for pauper's status further states that "[d]ue to the consequences of the Patriot Act Bill, I and many others like mysefl have found ourselves in dire str[aits]. Because of the Patriot Act, there have been many more crimes commit[t]ed[.] [T]he writing is on the statistic wall of a decade. What[']s more[,] I will prove that the Patriot Act was, and is for the most part unnecessary." [Doc. 1 at 1].

The applicable statute, 28 U.S.C. § 1915, allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v.*

*Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), however, a district court may dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 324. A claim may be dismissed as frivolous if it is based on a meritless legal theory or if its factual contentions are clearly baseless. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (explaining that a judge reviewing a pauper's complaint has "the unusual power to pierce the veil of the complaint's factual allegations" and to disregard "fantastic or delusional" assertions). I **CONCLUDE** that Ray has failed to state a colorable, justiciable claim, and I therefore do not reach the merits of his pauper's application.

First, Ray lacks standing to challenge the Patriot Act. To establish standing, a plaintiff must show (1) an "injury in fact" that is "concrete and particularized" as opposed to "conjectural or hypothetical"; (2) that the injury is "fairly traceable" to the defendant's action; and (3) that it is "likely" that the injury can be redressed by the relief the plaintiff seeks. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). Even assuming that Ray has sufficiently alleged the injury of "mind control," he has made no allegations showing that the mind control was the result of the enactment of the Patriot Act or that a judgment against the Congress of 2001 to 2002 could remedy his injury.

Second, even if Ray could clear this first hurdle, his complaint fails to state a claim on which relief can be granted. Ray has not asserted any legal theory that would allow him to seek relief against the Congress that enacted the Patriot Act. More fundamentally, the Court finds, in light of "judicial experience and common sense," that Ray has not alleged a "plausible" factual basis for relief. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009) (*citing*

2

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).[1]

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).
 This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.